**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Rodolfo CARILLO–GALVAN, Defendant–Appellant.**

**No. 03–40629. Conference Calendar.**

United States Court of Appeals, Fifth Circuit.

Feb. 18, 2004.

James Lee Turner, Assistant US Attorney, Houston, TX, Plaintiff–Appellee.

Roland E. Dahlin, II, Federal Public Defender, Molly E. Odom, Melissa J. Hinojosa–Garcia, Houston, TX, for Defendant–Appellant.

Before HIGGINBOTHAM, EMILIO M. GARZA, and PRADO, Circuit Judges.

PER CURIAM.*

Rodolfo Carillo–Galvan appeals his guilty plea conviction and sentence for illegal reentry following deportation in violation of 8 U.S.C. § 1326. Carillo–Galvan concedes that both of his appellate arguments are foreclosed. He raises the issues to preserve them for further review.

Carillo–Galvan argues that his prior state felony convictions for possession of a

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

controlled substance were not "aggravated felonies" under U.S.S.G. § 2L1.2(b)(1)(C) or 8 U.S.C. § 1101(a)(43)(B). This argument is foreclosed by our decision in *United States v. Caicedo-Cuero*, 312 F.3d 697, 706–11 (5th Cir.2002), *cert. denied*, —— U.S. ——, 123 S.Ct. 1948, 155 L.Ed.2d 864 (2003).

Carillo–Galvan also argues that the "felony" and "aggravated felony" provisions of 8 U.S.C. § 1326(b) are unconstitutional in light of *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). Carillo–Galvan's argument is foreclosed by *Almendarez–Torres v. United States*, 523 U.S. 224, 235, 239–47, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998). *Apprendi* did not overrule *Almendarez–Torres*. *See Apprendi*, 530 U.S. at 489–90, 120 S.Ct. 2348; *United States v. Dabeit*, 231 F.3d 979, 984 (5th Cir.2000).

Therefore, the judgment of the district court is AFFIRMED.